# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-742V
**Filed: July 11, 2016**

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | UNPUBLISHED |
| JASMINE DARK, | \* | |
| | \* | Special Master Hamilton-Fieldman |
| Petitioner, | \* | |
| | \* | Interim Attorneys' Fees and Costs; |
| v. | \* | Reasonable Basis Contested; |
| | \* | Withdrawal of Counsel; Deferral of |
| SECRETARY OF HEALTH | \* | Decision Pending Reasonable |
| AND HUMAN SERVICES, | \* | Basis Assessment. |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

<u>Clifford Shoemaker</u>, Shoemaker, Gentry, & Knickelbein, Vienna, VA, for Petitioner.
<u>Jennifer Reynaud</u>, United States Department of Justice, Washington, D.C., for Respondent.

### ORDER DEFERRING DECISION ON INTERIM FEES AND COSTS APPLICATION[1]

On August 15, 2014, Jasmine Dark ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that the administration of an influenza ("flu") vaccine on October 29, 2013 caused her to suffer from "unspecified connective tissue disease" and "other severe autoimmune illnesses, such as Raynaud's [sic] phenomenon." At the time of the filing of the petition, Petitioner was represented by attorney Andrew Downing.

On May 4, 2016, the undersigned issued an Order granting Clifford Shoemaker's motion to substitute himself as attorney of record on behalf of Petitioner. Subsequently, on June 1, 2016, Mr. Shoemaker filed an Application for Attorneys' Fees and Costs on Mr. Downing's

---

[1] Because this order contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this order to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

behalf. In the application, Mr. Shoemaker requested compensation in the amount of $48,772.60 on behalf of Mr. Downing.

On June 20, 2016, Respondent filed a Response in which she argued that the undersigned should defer a ruling on the application, and on June 29, 2016, Mr. Shoemaker filed a Reply to Respondent's Response and a Motion to Amend Application for Interim Attorneys' Fees and Costs ("amended application"), again on behalf of Mr. Downing. In his amended application, Mr. Shoemaker seeks compensation for Mr. Downing in the amount of $51,902.76.

To the extent that Mr. Shoemaker is seeking leave to amend his initial fees and costs application, his motion is hereby GRANTED.

The question of whether this petition was supported by a reasonable basis[3] at the time of filing and whether, if so, that reasonable basis persists through this filing and beyond, are disputed issues in this case. For that reason and for the additional reasons set forth in Respondent's June 20, 2016 Response, the undersigned hereby DEFERS RULING on the substance of Mr. Shoemaker's June 29, 2016 amended application. *See Morris v. Sec'y of HHS*, No. 12-415V, 2014 WL 8661863 (Fed. Cl. Spec. Mstr. June 4, 2014) (deferring a ruling on an interim fee application that had been filed by counsel who simultaneously sought to withdraw, and finding that although reasonable basis had not yet been established, Petitioner was entitled to an opportunity to identify additional evidentiary support for his claim). The undersigned will revisit this application for fees once an assessment of reasonable basis has been completed at the conclusion of the entitlement phase of the case.

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] *See* § 300aa-15(e)(1) (attorneys' fees may be awarded if the special master finds that the petition was filed in good faith and with a reasonable basis).