# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 29, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| J.D., | * | No. 14-742V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | Interim Attorneys' Fees and Costs; |
| | * | Reasonable Basis |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner.
*Jennifer L. Reynaud*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 1, 2016, J.D. ("Petitioner") filed a motion for interim attorneys' fees and costs on behalf of her prior counsel, Mr. Andrew Downing. Pet'r's Motion, ECF No. 64. Petitioner filed a motion to amend her application on June 29, 2016, and requested a total of **$51,902.76**. Pet'r's Supp., ECF No. 67. On June 20, 2016, Respondent filed a response and argued that Petitioner's request should be denied because her claim lacked reasonable basis. Resp't's Resp., ECF No. 66 at 1. Respondent alternatively requested that the presiding special master defer a ruling on Petitioner's motion. *Id.* On July 11, 2016, the presiding special master issued an order deferring a decision on Petitioner's application until "an assessment of reasonable basis has been completed at the conclusion of the entitlement phase of the case." Order at 2, ECF No. 69. Although the entitlement phase remains ongoing, I have determined that the record now contains sufficient information to support a finding of reasonable basis. Thus, I will award interim attorneys' fees and costs for Petitioner's prior counsel at this time.

---

[1] This Decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be withheld from public access.

I.      **Procedural History**

On August 15, 2014, Petitioner filed a petition seeking compensation under the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa–10 to 34 (2012)[2] (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleged that she suffered "unspecified diffuse connective tissue disease, and other severe autoimmune illnesses, such as Raynaud's phenomenon[]" as a result of an "[influenza ("flu")] vaccination received on October 29, 2013." *Id.* ¶¶ 4, 16. Petitioner filed various exhibits, including statements and medical records between August 29, 2014 and December 4, 2015. Pet'r's Exs. 1–45, ECF Nos. 7–48. Petitioner filed a motion to withdraw as attorney on behalf of Mr. Andrew Downing on March 28, 2016. ECF No. 55. The presiding special master granted Petitioner's motion the next day. Order, ECF No. 56. Petitioner substituted Mr. Clifford Shoemaker as her attorney on April 27, 2016. ECF No. 59.

Petitioner filed a motion for interim fees and costs for Mr. Downing on June 1, 2016. Pet'r's Mot. Respondent filed his response on June 20, 2016. Resp't's Resp. Respondent argued that Petitioner's claim was not supported by a reasonable basis, specifically because "[P]etitioner's pre-vaccination medical history is complex and the current record is unclear as to the specific condition [P]etitioner alleges was caused by her October 29, 2013 flu vaccination." *Id.* at 7. Respondent further asserted that "[P]etitioner has consulted with at least three experts, none of whom were able to opine in favor of vaccination causation[]" and that "the earliest mention of [P]etitioner's flu vaccination in the medical records is dated May 3, 2014[.]" *Id.* at 8. Although Respondent opposed an award of interim attorneys' fees and costs, he alternatively requested that the presiding special master defer ruling on Petitioner's application. *Id.* at 1, 10. On June 29, 2016, Petitioner filed a motion to amend her application, which included supplemental fees and a reply to Respondent's response. ECF No. 67. The presiding special master deferred ruling on Petitioner's motion until the resolution of the entitlement phase. Order at 2, ECF No. 69.

Petitioner filed additional medical records between July 22, 2016 and November 1, 2016. Pet'r's Exs. 46–74, ECF Nos. 70–78. This case was reassigned to me on January 10, 2017. ECF Nos. 79–80. On January 31, 2017, Respondent filed his Rule 4(c) report and recommended against compensation. Resp't's Report, ECF No. 81. Petitioner filed additional medical records, witness statements, and a proposed "fact timeline" on August 21, 2017. Pet'r's Exs. 75–103, ECF Nos. 91–95. Petitioner filed additional medical records on January 11, 2018, and January 23, 2018. Pet'r's Exs. 104–08, ECF Nos. 100, 103. These records demonstrate that Petitioner was diagnosed with small fiber neuropathy after undergoing a skin biopsy on November 14, 2017. Pet'r's Ex. 107 at 1–2, ECF No. 100-5.

I held a fact hearing in this case on January 24, 2018, and issued a fact ruling on September 14, 2018. Min. Entry, docketed Jan. 24, 2018; Fact, Ruling, ECF No. 106. Petitioner then filed a motion to redact, which I granted. ECF Nos. 107, 118. On October 26, 2018, I ordered Petitioner to file an expert report. Scheduling Order, docketed Oct. 26, 2018. Petitioner filed additional medical records on December 6 and 7, 2018. Pet'r's Exs. 109–25, ECF Nos. 115–17.

---

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99–660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner filed multiple motions for extension of time to file her expert report, which I granted. ECF Nos. 119–24. Petitioner filed an affidavit on June 6, 2019. Pet'r's Ex. 126, ECF No. 125. Petitioner submitted an expert report authored by Dr. Carlo Tornatore that linked her small fiber neuropathy with her vaccination, along with supporting medical literature, on June 24, 2019. Pet'r's Exs. 127–38, ECF Nos. 126–28. Petitioner filed a report from her treating neurologist, Dr. Holly Varner, on September 16, 2019. Pet'r's Ex. 139, ECF No. 130.

Petitioner filed additional medical records on October 28, 2019. Pet'r's Exs. 140–44, ECF No. 131. Petitioner substituted Ms. Renee Gentry as her attorney in place of Mr. Shoemaker on October 28, 2019. ECF No. 132. On March 6, 2020, Respondent filed a responsive expert report from Dr. Vinay Chaudhry. Resp't's Ex. A, ECF No. 136. Petitioner responded with a supplemental expert report from Dr. Tornatore on February 8, 2021. Pet'r's Ex. 145, ECF No. 140. Respondent indicated that he did not intend to file an additional expert report on May 28, 2021. ECF No. 141. On November 10, 2021, Petitioner filed an additional piece of medical literature as well as a motion for a ruling on the record. Pet'r's Ex. 151, ECF No. 143; ECF No. 144.

## II.     Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1). Respondent has not alleged that Petitioner lacked good faith. Although Respondent originally raised a reasonable basis objection, Petitioner has since filed additional medical records indicating a diagnosis of small fiber neuropathy and expert reports linking her condition with her vaccination. I find that Respondent's objections regarding reasonable basis are no longer applicable and that the record now contains information to support a finding of reasonable basis. Thus, I find that the statutory criteria for an award of fees and costs is met.

### B.  Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816, at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("It may be months to years before an entitlement ruling is issued."); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016)

("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). This case has proceeded for an unusually long time, and Petitioner's request for interim fees for Mr. Downing has been pending for more than five years. Because of the protracted nature of the proceedings, I find an award of interim attorneys' fees and costs for Mr. Downing reasonable and appropriate in this case.

### III. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar serves by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

#### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Andrew Downing, $350.00 per hour for all work performed; for Mr. Jordan C. Redman, $195.00 per hour

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

4

for all work performed; for Mr. Robert Cain and for Ms. Danielle Avery, paralegals,[4] $100.00 per hour for all work performed. *See* ECF No. 64-1 at 73.[5] These rates are consistent with what Mr. Downing and Mr. Redman, and their paralegals, have previously been awarded for their Vaccine Program work during this period, and I therefore find them reasonable. *See, e.g.*, *Laney v. Sec'y of Health & Hum. Servs.*, No. 14-984V, 2016 WL 7030744, at *6 (Fed. Cl. Spec. Mstr. Oct. 18, 2016).

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434).

Upon review of the submitted billing records, I find the time billed by Mr. Downing, Mr. Redman, and their paralegals somewhat excessive for the work they performed in this case. Mr. Downing billed more than twenty-five hours for phone calls with Petitioner. *See* ECF No. 64-1 at 1–3, 10–19. It is unclear whether this amount of phone contact was necessary to further Petitioner's claim. Additionally, Mr. Redman billed excessively for reviewing emails and orders/docket entries pertaining to this case. He billed more than nine hours for reviewing emails and reviewing docket entries, including entries filed by Petitioner. *See id.* at 20–39. Furthermore, paralegals billed time on administrative tasks such as filing, Bates stamping, and faxing documents. *See id.* at 52–67. Paralegal time was also excessive for review of and for preparing and receiving correspondence, including docket entries. *See id.* The issues regarding billing for administrative tasks have previously been raised with the Van Cott & Talamante firm. *See, e.g.*, *Colbath v. Sec'y of Health & Hum. Servs.*, No. 17-599V, 2021 WL 1120986, at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2021); *Sheridan v. Sec'y of Health & Hum. Servs.*, No. 17-669V, 2019 WL 948371, at *2–3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Moran v. Sec'y of Health & Hum. Servs.*, No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). Upon review, a reasonable reduction for these issues is $5,500.00. Petitioner is therefore awarded final attorneys' fees of $44,309.

### C. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,093.76 in attorneys' costs, comprised of acquiring medical records, postage and fax charges, and the filing fee in the Court of Federal Claims. *See* ECF No. 64-1 at 3, 6–9, 67–94. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable for the work performed in this case. Petitioner is therefore awarded the full amount of costs sought.

### IV. Conclusion

---

[4] The billing records do no identify Mr. Cain and Ms. Avery as paralegals. *See* ECF No. 64-1 at 73. However, based on the work they performed, the rate charged, and previous fees decisions identifying them as paralegals, it is clear that Mr. Cain and Ms. Avery were paralegals. *See, e.g.*, *Otto v. Sec'y of Health & Hum. Servs.*, No. 16-1144V, 2020 WL 5031956, at *1 (Fed. Cl. Spec. Mstr. July 24, 2020).

[5] All further citations to this document will refer to the page numbers generated by CM/ECF rather than the internal page numbers.

Petitioner's motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $49,809.00 |
| (Reduction to Fees) | - ($5,500.00) |
| **Total Attorneys' Fees Awarded** | **$44,309.00** |
| | |
| Attorneys' Costs Requested | $2,093.76 |
| (Reduction of Costs) | - ($0.00) |
| **Total Attorneys' Costs Awarded** | **$2,093.76** |
| | |
| **Total Attorneys' Fees and Costs** | **$46,402.76** |

Accordingly, the undersigned awards a lump sum in the amount of **$46,402.76** to be issued in the form of a check payable jointly to Petitioner and Mr. Andrew Downing. The check shall be mailed to Petitioner's current attorney of record, Ms. Renee Gentry, who has expressed her willingness to forward it to Mr. Downing. *See* Informal Comm., docketed Dec. 29, 2021.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).