

**In the United States Court of Federal Claims**
**OFFICE OF SPECIAL MASTERS**
Filed: May 21, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| J.D., * | No. 14-742V | |
| * | Special Master Sanders | |
| Petitioner, * | | |
| * | | |
| v. * | | |
| * | | |
| SECRETARY OF HEALTH * | | |
| AND HUMAN SERVICES, * | | |
| * | | |
| Respondent. * | | |
| * * * * * * * * * * * * * | | |

*Renee J. Gentry,* Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner.
*Jennifer Leigh Reynaud*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 15, 2014, J.D., ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa–10 to 34 (2012)[2] (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleged that she suffered "unspecified diffuse connective tissue disease, and other severe autoimmune illnesses, such as Raynaud's phenomenon[]" as a result of an "[influenza ('flu')] vaccination received on October 29, 2013." *Id*. ¶¶ 4, 16. During the pendency of these proceedings, I determined that Petitioner's claim supported a finding of reasonable basis, and I awarded interim attorneys' fees to Petitioner's prior counsel, Mr. Andrew Downing, in the amount of $46,402.76. Ultimately, on August 31, 2022, I

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

issued a decision dismissing the petition finding that Petitioner failed to provide preponderant evidence that her flu vaccination caused her to develop any of the injuries alleged. ECF No. 152.

On November 14, 2022, Petitioner filed a motion for attorneys' fees and costs for fees and costs incurred by The Law Office of Renee J. Gentry, Esq. and The Vaccine Injury Litigation Clinic at The George Washington University Law School. Pet'r's Mot. for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 156. Petitioner requests total attorneys' fees and costs in the amount of $156,862.69, representing $105,582.25 in attorneys' fees and $2,494.04 in attorneys' costs incurred by The Law Office of Renee J. Gentry, Esq.; $13,209.70 in attorneys' fees and $11,113.00 in attorneys' costs incurred by The Vaccine Injury Litigation Clinic at The George Washington University Law School.; and, $3,423.20 for personal litigation costs incurred by Petitioner. Pet'r's Mot. for AFC at 1-2. Respondent responded to the motion on May 12, 2023, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 157. Petitioner did not file a reply. This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, the undersigned previously found the claim satisfied good faith and reasonable basis when awarding interim attorneys' fees and costs, and the work Petitioner now seeks reimbursement for also meets that criterion. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and

2

reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.    Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, 2022, and 2023 can be accessed online.[3]

Petitioner requests the following rates of compensation for her counsel at The Law Office of Renee J. Gentry, Esq.: for Ms. Renee Gentry, the rate of $435.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019, $464.00 per hour for work performed in 2020, $489.00 per hour per hour for work performed in 2021, and $504.00 per hour for work performed in 2022; and for Mr. Clifford Shoemaker, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019.

Petitioner also requests the following rates of compensation for work performed by law students at The Vaccine Injury Litigation Clinic at The George Washington University Law School: $150.00 per hour in 2021 through May 2022, and $175.00 per hour from September 2022, through October 2022. The rates requested for work performed by attorneys Renee Gentry and Clifford Shoemaker, and through May 2022 by students at The George Washington University Law School, are consistent with, or less than, what they have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.

However, Petitioner's request for $175.00 for work performed by law students represents an increase of $10.00 from the $165.00 hourly rate previously awarded for 2022 work. *See, e.g.*, *C.N. v. Sec'y of Health & Hum. Servs.,* No. 16-171V, 2022 WL 2117973 (Fed. Cl. Spec. Mstr. May 17, 2022); *see also Orgel-Olson v. Sec'y of Health & Hum. Servs.,* No. 15-285V, 2023 WL 4350662 (Fed. Cl. Spec. Mstr. Jun. 9, 2023). And it is not the practice of the OSM to afford mid-year rate increases under any circumstances. Accordingly, I reduce the law students' rate to $165.00 per hour for their time billed from September 2022, through October 2022, to be consistent with what has previously been awarded. This results in a reduction of **$54.40**.[4]

### B.    Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v.*

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] This amount consists of ($175.00 - $165.00 = $10 x 5.44 hours = $54.40).

3

*Eckerhart,* 461 U.S. 424, 434 (1983)). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review of the submitted billing records, I find the time billed somewhat excessive for interoffice communication. This issue has arisen in other cases handled by Mr. Shoemaker, where counsel was admonished for excessive interoffice communication and the lack of detail regarding that communication. *See Maciel v. Sec'y of Health & Hum. Servs.*, No. 15-362V, 2019 WL 6249369, at *3 (Fed. Cl. Spec. Mstr. Oct. 17, 2019); *see also Oliver v. Sec'y of Health & Hum. Servs.,* No. 10-394V, 2019 WL 2246727, at *3 (Fed. Cl. Spec. Mstr. Apr. 16, 2019). Additionally, Mr. Shoemaker block billed large amounts of time on "Hearing preparation" without describing in greater detail what he was doing to prepare for the hearing. Pet'r's Mot. for AFC Ex. 1 at 33 (entries of 4.50, 5.00, 3.00, 3.50, 4.00, 10.00 hours on hearing preparation without detail).

Accordingly, I find that a five percent reduction of attorneys' fees is necessary to offset this issue. This results in a reduction of **$5,279.11** from the work attributable to The Law Office of Renee J. Gentry, Esq. I find that the hours billed by The Vaccine Injury Litigation Clinic at The George Washington University Law School are reasonable and require no reduction. Petitioner is therefore entitled to final attorneys' fees in the amount of $124,489.84, representing $100,303.14 in attorneys' fees for The Law Office of Renee J. Gentry, Esq., and $24,186.70 in attorneys' fees for The Vaccine Injury Litigation Clinic at The George Washington University Law School.

### C.    Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $23,534.54 in attorneys' costs. This amount is comprised of acquisition of medical records, postage, and work performed by petitioner's medical experts, Carlo Tornatore, M.D.[5] and Richard Honaker, M.D.[6]  Pet'r's Mot. for AFC, Ex. 1 at 60, 102. These costs have been supported with the necessary documentation and are reasonable.

---

[5] Dr. Tornatore requests rate of $400.00 per hour for all work performed. This rate has been previously awarded and shall be awarded herein. *See Kelly v. Sec'y of Health & Hum. Servs.,* No. 16-878V, 2022 WL 3594383 (Fed. Cl. Spec. Mstr. Jul. 27, 2022).

[6] Dr. Honaker requested a rate of $345.00 p81er hour for all work performed. This rate has been previously awarded and shall be awarded herein. *See A.Y. v. Sec'y of Health & Hum. Servs.,* No. 17-850V, 2021 WL 3660748 (Fed. Cl. Spec. Mstr. Jul. 9, 2021).

Pursuant to General Order No. 9, Petitioner states that personal costs were incurred in the amount of $3,423.20. Pet'r's Mot. for AFC, Ex. 1 at 1-2. These costs are comprised of travel expenses for Petitioner and her mother to attend a fact hearing on January 24, 2018. Documentation in support of these costs has been provided; however, further review of these costs is warranted.

1. First-Class Airfare

Petitioner requests reimbursement for first-class airfare for her and her mother for travel from Houston, Texas to Baltimore, Maryland for Petitioner's and her mother's appearance at a fact hearing. Pet'r's Mot. for AFC, Ex. 1 at 3-4. Petitioner did not include justification for why a first-class ticket was necessary for travel to the hearing. It is well-established that the Vaccine Program does not compensate for upgraded methods of travel, such as first-class airfare. *See, e.g.*, *Kreten v. Sec'y of Health & Hum. Servs.*, No. 15-504V, 2018 WL 6819553 (Fed. Cl. Spec. Mstr. Nov. 30, 2018); *Sharpe v. Sec'y of Health & Hum. Servs.*, No. 14-065V, 2018 WL 3990867 (Fed. Cl. Spec. Mstr. July 6, 2018); *McCulloch*, 2015 WL 5634323. Because the Vaccine Program does not compensate for first-class airfare, I reduce both tickets by half, a total reduction of **$815.40**.

2. Meals

Petitioner also requests reimbursement for various meal expenses incurred, including $7.90, $37.40, $18.93, $21.01, $45.54, $29.96, $37.75, and $59.82, totaling $258.31. Pet'r's Mot. for AFC, Ex. 1 at 2. The bulk of Petitioner's meal expenses are reasonable; however, Petitioner's request includes duplicative charges. For the January 23, 2018 expenses: the hotel invoice includes $105.06 for room service breakfast (check #6152) (Pet'r's Mot. for AFC, Ex. 1 at 6), a $37.75 receipt for room service lunch (check #6175) (Pet'r's Mot. for AFC, Ex. 1 at 8), a receipt from CVS for $21.01 (Pet'r's Mot. for AFC, Ex. 1 at 9), the hotel invoice includes $50.54 for room service dinner (check #6196) (Pet'r's Mot. for AFC, Ex. 1 at 6), and there is also a $45.54 receipt for room service dinner (check #6196) (Pet'r's Mot. for AFC, Ex. 1 at 10) for a total of $259.90. The $45.54 receipt for room service dinner has the same check number as the $50.54 hotel invoice room service dinner charge, and thus appears to be a copy of the receipt for the hotel invoice (with a likely $5.00 added gratuity). Accordingly, Petitioner will not be reimbursed for the $45.54 receipt, resulting in $214.36 of meal expenses for January 23, 2018.

For the January 24, 2018 expenses: the hotel invoice includes $64.82 for room service breakfast (check #6232) (Pet'r's Mot. for AFC, Ex. 1 at 6), and there is also a $59.82 receipt for room service breakfast (check #6232) (Pet'r's Mot. for AFC, Ex. 1 at 11), there is a $37.40 receipt for Kith/Kin Restaurant (Pet'r's Mot. for AFC, Ex. 1 at 9), and the hotel invoice includes mini bar charges for $15.84 (cashews), $13.20 (Snickers), and $11.88 (M&Ms) (Pet'r's Mot. for AFC, Ex. 1 at 6), for a total of $202.96. The $59.82 receipt for room service breakfast has the same check number as the $64.82 hotel invoice room service breakfast charge, and thus appears to be a copy of the receipt for the hotel invoice (with a likely $5.00 added gratuity). Accordingly, Petitioner will not be reimbursed for the $59.82 receipt, resulting in $143.14 of meal expenses for January 23, 2018.

For the January 25, 2018 expenses: there is a Dunkin Donuts receipt for $7.90 (Pet'r's Mot. for AFC, Ex. 1 at 9), the hotel invoice includes $45.35 for room service lunch (check #6324) (Pet'r's Mot. for AFC, Ex. 1 at 6), there is a $29.96 receipt for room service (check #6311) (Pet'r's

5

Mot. for AFC, Ex. 1 at 8), and there is a Walgreens receipt for $18.93 (Pet'r's Mot. for AFC, Ex. 1 at 10), resulting in $102.14 of meal expenses for January 25, 2018.

I find the total amount requested for meals slightly excessive, and will reduce it to $69.00 per day, per person, reflective of the FY 2018 Federal Per Diem Rates for meals and incidental expenses for Washington, D.C. Petitioner and her mother were allowed a combined per diem of $138.00 per day, for a total of $414.00 for three days; however, Petitioner claims reimbursement in the amount of $459.64 for their meal and incidental expenses, resulting in a reduction of **$45.64**.

3. Car Service

Petitioner requests reimbursement for the service of ExecuCar, which identifies itself as a "curbside black car service."[7] Petitioner used ExecuCar for transportation to and from Baltimore-Washington International Airport ("BWI"), totaling $313.88. Pet'r's Mot. for AFC, Ex. 1 at 7. Petitioner had multiple options for transportation to and from the airport, including flying into an airport closer to Washington, D.C. I, and other special masters have continuously found these costs to be excessive and requested costs have consistently been reduced for use of limousine/black car service. *See Schoeberlein v. Sec'y of Health & Hum. Servs.*, No. 14-697V, 2018 WL 3991219, at *4 (Fed. Cl. Spec. Mstr. Jun. 22, 2018); *Raymo v. Sec'y of Health & Hum. Servs.*, No. 11-654V, 2016 WL 7212323, at *23 (Fed. Cl. Spec. Mstr. Nov. 2, 2016). I will award one half of the cost of the car service, resulting in a reduction of **$156.94**.

II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| **The Law Firm of Renee J. Gentry, Esq.** | |
|---|---|
| Attorneys' Fees Requested | $105,582.25 |
| (Reduction to Fees) | ($5,279.11) |
| **Total Attorneys' Fees Awarded** | **$100,303.14** |
| | |
| Attorneys' Costs Requested | $2,494.04 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,494.04** |
| | |
| **The Vaccine Injury Litigation Clinic at The George Washington University Law School** | |
| Attorneys' Fees Requested | $24,322.70 |
| (Reduction to Fees) | ($54.40) |
| **Total Attorneys' Costs Awarded** | **$24,268.30** |
| | |

---

[7] *See* ExecuCar's website at https://www.execucar.com/.

| Attorneys' Costs Requested | $21,040.50 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Costs Awarded** | **$21,040.50** |
| | |
| Petitioner's Costs Requested | $3,423.20 |
| (Reduction to Costs) | ($1,017.98) |
| **Total Petitioner's Costs Awarded** | **$2,405.22** |
| | |
| **Total Attorneys' Fees and Costs** | **$150,511.20** |

**Accordingly, the undersigned awards a lump sum in the amount of $150,511.20 representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her counsel (including $2,405.22 payable to Petitioner, $102,797.18, payable to The Law Firm of Renee J. Gentry, Esq., and $45,308.80 payable to GW VILC).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[8]

       **IT IS SO ORDERED**.

                                                s/Herbrina D. Sanders
                                                Herbrina D. Sanders
                                                Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.